ALFRED W. QUIGG *vs.* WILLIAM F. COFFY.

An agent of a life insurance company who was entitled to a commission of fifty per cent. of the first premium on every policy issued by the company for insurance effected by him, and whose duty it was to collect the first premium,

effected insurance on a life for which the company issued a policy. The annual premium on the policy was of the same amount as would have been required for any other person of the same age, sex, condition of health, and hope of longevity. The agent took the promissory note of the insured payable to himself as agent for one half of the premium, and relinquished the residue in consideration of the insured's agreement to furnish the agent with the names of persons to be insured. The agent accounted with the company for its part of the premium.

*Held*, that the transaction was not in violation of Pub. Laws R. I. cap. 673, which prohibits life insurance companies organized or doing business in this State from discriminating as to premiums charged on policies.

*Held*, further, that the transaction was between the agent and the insured alone, and that the agreement of the insured to furnish names of persons to be insured was a sufficient consideration for the portion of the premium relinquished, which belonged to the agent himself.

PLAINTIFF'S petition for a new trial.

*December* 26, 1894. MATTESON, C. J. This is an action of *assumpsit* on a promissory note given in payment in part for a premium on a life insurance policy. The plaintiff was an agent of the New York Life Insurance Company, and as such was entitled to a commission of fifty per cent. of the first premium on every policy issued by the company for insurance effected by him. He effected insurance on the defendant's life for which the company issued its policy. The annual premium on this policy was the same in amount which would have been required for any other person of the same age, sex, condition of health, and hope of longevity. It was the duty of the plaintiff as agent for the company to collect the first premium. He took in payment for fifty per cent. of it the note in suit, payable to himself as agent, and permitted the defendant to keep the other fifty per cent. in consideration of the agreement of the defendant to furnish him with the names of employees of the Gorham Manufacturing Company, by which the defendant was employed, to enable the plaintiff to effect insurance on their lives, the plaintiff also agreeing to allow the defendant a commission on policies for such insurance. The plaintiff accounted to the company for its fifty per cent. of the premium, so that it received the full amount which it would have received on any policy in the same circumstances. The defendant did not pay the note when due, and the plaintiff brought this suit.

At the trial in the Common Pleas Division, the court directed a verdict for the defendant on the ground that the note was given in violation of Pub. Laws R. I. cap. 673. Sections one and two of this chapter are as follows:—

"SECTION 1. No life insurance company organized or doing business within this State shall make any distinction or discrimination as to the premiums or rates charged for policies upon the lives of persons insured, except such as shall apply to all persons of the same age, sex, general condition of health, and hope of longevity, nor shall any such company make or require any rebate, diminution or discount upon the sum to be paid on any policy in case of the death of the person insured, nor insert in the policy any condition, nor make any stipulation whereby the person insured shall bind himself, his heirs, executors, administrators and assigns to accept any less sum than the full value or amount of the policy in case of a claim accruing thereon by reason of the death of the person insured, other than such as are imposed upon all persons in similar cases, and any such stipulation or condition so made or inserted shall be void.

"SEC. 2. Any life insurance company, and any officer or agent of any life insurance company violating any of the provisions of this act shall forfeit a sum not exceeding one hundred dollars."

The court also ruled that the agreement testified to, by which the defendant was to furnish the plaintiff with the names of persons for the purpose stated afforded no consideration for the agent's portion of the commission which the defendant was permitted to retain.

The plaintiff excepted to the rulings of the court, and brings the case before us by petition for a new trial, in which he alleges that the rulings were erroneous.

We are of the opinion that the court erred. The legal effect of the transaction, so far as it related to the company, was precisely the same as though the full premium on the policy had been collected by the plaintiff and paid over to the company and the company had then returned to the plaintiff his commission of fifty per cent. of the premium. The com-

pany in that event would have received the full amount of the premium to which it was entitled, as it has on the case before us. It has made no distinction or discrimination, which is prohibited by the statute, but has received the full amount which would have been received from any person insured in the same circumstances. It has not, nor has any officer or agent of it been guilty, therefore, of any violation of the statute.

The transaction between the plaintiff and the defendant, though it related to the business of the company, was the transaction of the plaintiff and defendant alone, with which the company was in no way concerned so long as it received the amount due to it on the policy. The defendant gave the note in suit for fifty per cent. of the premium to the plaintiff and was allowed by the plaintiff to retain the other fifty per cent. in consideration of services to be rendered by him for the plaintiff, equivalent in value, in the plaintiff's estimation, to the amount retained. There was nothing unlawful in this arrangement, and we fail to see why the agreement to furnish the names of persons to be insured was not a sufficient consideration for the retention by the defendant of half of the commission. The plaintiff had a right, for aught that we can see, to make such a disposition of his share of the commission, or even to have given it to the defendant without consideration, if he had seen fit.

The plaintiff's petition for a new trial granted and case remitted to the Common Pleas Division.

*Willard B. Tanner & Edward L. Gannon,* for plaintiff.
*Clarence A. Aldrich,* for defendant.